HARRIS, J.,
dissenting.
In my view, this is a simple case of Proof or Consequences. If the plaintiff does not prove its entitlement to a lien, it cannot require this non-privity owner to pay the contractor’s debt. Since Plaintiff did not prove that it filed its Claim of Lien within 90 days from the last service of labor or material, the summary judgment should have been denied.
There are some requirements of the mechanics hen law that cannot be waived by the court. One, the Notice to Owner must be served within 45 days of commencing to serve the labor or material. See section 713.06(2)(a), Florida Statutes. Another, and the one important in this case, the Claim of Lien must be recorded within 90 days after the final furnishing of labor or material. See section 713.08(1) and (5), Florida Statutes.
When it moved for summary judgment, Electric Systems, Inc. was required to prove its entitlement to a lien on the property of the owner. To do so, it was required to prove the last day it provided labor or material. Since the lien was recorded on August 13, 1996, it was necessary to establish that the last labor or material was supplied no earlier than May 15. In its affidavit, Electric’s agent alleged that its last performance was “on or about May 17.” “On or about” are weasel words. Black’s Law Dictionary defines “on or about” as “near” or “approximately.” Could not May 14 be “on or about” May 17, particularly when the reference is made several months later? And yet what a difference a day makes. It appears that Electric should have work records or invoices to establish the date of its last involvement with the project. To get a summary judgment, it should be required to bring itself clearly within the statutory restrictions. It did not.
I cannot concur with the majority which indicates that “near” or “approximately” is close enough for government work. I would reverse for an evidentiary hearing.